PATRICK EGAN v. THOMAS BONACUM, BISHOP.

FILED JANUARY 2, 1894.   No. 5048.

**Action Upon Subscription Contract: PARTY PLAINTIFF.**
A subscription contract having provided that each subscriber thereto became bound to pay such sum as should be placed opposite his name, to enable a designated committee to erect one building and repair another, both buildings being sufficiently designated, *held,* that suit was properly brought for the collection of such subscription in the name of the official or dignitary in whom was vested the title of the real property proposed to be improved, as plaintiff; the title being held, and the suit being brought, for the use of an unincorporated association and its individual members, too numerous to be named, as beneficiaries.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

The facts are stated in the opinion.

*Pound & Burr,* for plaintiff in error:

A member of a voluntary unincorporated association cannot maintain an action in his own name upon a contract made with the association. (*McMahon v. Rauhr,* 47 N. Y., 67; *Habicht v. Pemberton,* 4 Sandf. [N. Y.], 657; *Austin v. Searing,* 16 N. Y., 112; *Wilkins v. Wardens,* 52 Ga., 351; 1 Bates, Pleadings, Parties & Forms, p. 40; *Lloyd v. Loaring,* 6 Ves. [Eng.], 773.)

The bishop and others of a committee as members of the church were made the trustees of an express trust as to the subscription fund, and they should have brought the action. (*Slocum v. Barry,* 34 How. Pr. [N. Y.], 320; *Hutchins v. Smith,* 46 Barb. [N. Y.], 235.)

*Charles E. Magoon, contra.*

41

RYAN, C.

This action was brought for the recovery of the full amount pledged by Patrick Egan by his subscription to a written instrument signed by himself and seventy-three other persons, promising to pay such amount as was placed opposite the name of each signer. Opposite the subscription of Mr. Egan were placed the character and figures "$500." This written instrument, omitting the several signatures and amount opposite each, was in the following language:

"LINCOLN, NEBRASKA, February 28, 1888.

"Whereas the Rt. Rev. Thomas Bonacum, Rev. M. A. Kennedy, John Fitzgerald, William McLaughlin, Patrick Egan, Thomas Heelan, James Daley, James Kelley, F. S. Potvin, James Ledwith, P. W. O'Connor, J. J. Butler, John P. Sutton, A. Halter, and Charles McClave have been appointed a building committee of St. Theresa's church, in the city of Lincoln and state of Nebraska; and whereas, it is the intention of said building committee to enlarge the said St. Theresa's church and to erect a parochial school building in the city of Lincoln and state of Nebraska:

"Now, therefore, we the undersigned, do hereby promise and bind ourselves individually to pay the sum of money placed opposite our individual names, to enable the said committee to carry out their said intentions in reference to the aforementioned church and school, which sum of money is to be paid in installments as follows: One-fifth on demand; one-fifth on the 1st of May; one-fifth on the 1st of July; one-fifth on the 1st of October, and one-fifth on or before the 1st of January, 1889."

Upon a trial without the intervention of a jury the district court of Lancaster county rendered judgment against Mr. Egan, the plaintiff in error, for the full amount of his subscription with interest. The only question pre-

sented by the record is whether or not the action could be maintained by the plaintiff in the trial court in the form, and for the reasons indicated by the title of the case as in the petition set forth.   This title was as follows: "Thomas Bonacum, Bishop of the Roman Catholic church for the Lincoln Diocese, who sues for himself and the St. Theresa's Catholic Church, of Lincoln, Nebraska, a religious association unincorporated, and the members of said religious association, who are too numerous to be brought before the court, plaintiff, v. Patrick Egan, defendant."   It is observable that the subscription paper heretofore referred .to did not designate a payee.  It merely indicated the purposes to which, when collected, the several amounts should be applied by the committee referred to, which purpose was the repairing of one building and the erection of another.   It was fully alleged in the petition,.and fairly shown by the proofs upon the trial, that the title of all real property of the kind upon which the designated improvements were to be made was held by the bishop of the diocese in which such property was situated; was held for. the unincorporated association heretofore mentioned; that Thomas Bonacum, at the time of the trial and for the whole time covered by the transactions therein involved, was, and had been, such bishop; that the improvements contemplated in the subscription contract had been fully completed at a cost, as shown by competent evidence, of $44,000; and that the plaintiff in error had refused to make any payment whatever upon his said subscription.   There was not only a proper plaintiff in the action, but there was sufficient proof as well, to sustain the judgment, which is therefore

AFFIRMED.